IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00777-STV

James E. Shelton,

    Plaintiff(s),

v.

American Business Services, et al.,

    Defendant(s).

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The conference was held on May 24, 2024 by and between:

Andrew Roman Perrong, Esq.
Counsel for Plaintiff and the Class
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529

Jessica B. King
Counsel for Defendant Narin Charanvattanakit
16255 Ventura Blvd. Suite 910
Encino, California 91436
818-257-1914

## 2. STATEMENT OF JURISDICTION

This court has subject matter jurisdiction over the claims because the TCPA is a federal statute. The parties do not dispute this Court's subject matter jurisdiction. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiffs:

Plaintiff James Shelton claims as follows: Plaintiff has brought this class action under the TCPA, alleging he received multiple telemarketing calls advertising the Defendants' business loan services, despite Plaintiff having placed his residential phone number on the National Do Not Call Registry, previously revoking any consent to having received the calls, and never having consented to the calls to begin with. Through the two classes he has pled, Mr. Shelton seeks to represent other individuals who received similar communications from the Defendant.

b. Defendants:

Defendant Narin Charanvattanakit (1) denies that he has any association with any business entity(ies) alleged to have made any telephone calls about which Plaintiff and/or any other as-yet unidentified person(s) may complain ("alleged calls"); (2) denies that he conducted the alleged calls; (3) denies that he instructed any persons or business entities to conduct the alleged calls on behalf of Defendant or Defendant's business entity; and (4) denies knowledge of any business entity conducting the alleged calls at issue in the complaint on behalf of Defendant or Defendant's business entity.

Defendant believes that Plaintiff will not be able to satisfy the requirements for certification under FRCP Rule 23.

c. Other Parties:

If Defendant's investigation of the circumstances and allegations giving rise to this action determine that other parties may be liable, in whole or in part, for the acts alleged by Plaintiff, Defendant may seek leave to amend the pleadings to add such other parties and claims or defenses.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

The parties were unable to agree on any undisputed facts at such an early stage of the litigation.

## 5. COMPUTATION OF DAMAGES

The Plaintiff seeks for himself and all class members the maximum statutory damages permitted under the TCPA of $500 for each violation and of $1,500 for each violation done knowingly and willfully. These damages are set by statute under the TCPA. 47 U.S.C. § 227(c)(5). The total amount of damages will therefore depend upon (1) how many violations the Plaintiff received and (2) the number of class members, to be more fully evaluated in discovery.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting. – See above

b. Names of each participant and party he/she represented. – See above.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

The Parties will make initial disclosures as required by this Court's order for no later than 14 days after the Rule 26(f) conference.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1). - None

e. Statement concerning any agreements to conduct informal discovery:

The parties have not agreed to conduct any informal discovery beyond that required by their initial disclosures. The Plaintiff has already served formal discovery upon the Defendant.

    f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

  The parties will discuss procedures and agreements to attempt to reduce discovery and other litigation costs as appropriate and dictated by the needs of the case.

    g.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Plaintiff

The Plaintiff anticipates that his claims and addressing defenses will involve electronically stored information in the possession of the Defendant, including calling records. The Plaintiff articulated that the calling records should be preserved and produced in their original native formats so that expert analysis on a classwide basis may be undertaken. The parties do not anticipate any disputes in this regard or otherwise claim that such telephone records would be privileged.

Defendant Narin Charanvattanakit

Defendant anticipates that his claims and defenses, in addition to potentially involving the information Plaintiff identified above, will involve electronic mail or other messaging Plaintiff may have received in connection with the allegations in this action, as well as recordings of telephone conversations that Plaintiff or other as-yet unidentified individuals may have made or obtained. Defendant will want any such electronic communications or messages and recordings preserved in their original native format for expert analysis, if necessary.

    h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The Plaintiff will tender a settlement offer for attempting to resolve the case promptly shortly after the Rule 16 Conference and looks forward to the Defendant's response.

## 7.
## CONSENT

All parties  ☐ [have]  X [have not] consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

    a.    Modifications which any party proposes to the presumptive numbers

       of depositions or interrogatories contained in the Federal Rules. - None

b.     Limitations which any party proposes on the length of depositions. - None

c.     Limitations which any party proposes on the number of requests for production and/or requests for admission. - None

d.     Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions: - 180 days

e.     Other Planning or Discovery Orders – None at this time

### 9. CASE PLAN AND SCHEDULE

a.     Deadline for Joinder of Parties and Amendment of Pleadings: 90 Days

b.     Discovery Cut-off: 180 Days

c.     Dispositive Motion Deadline: 270 Days

*[Set time periods in which discovery is to be completed and dispositive motions are to be filed.]*

d.     Expert Witness Disclosure

    1.     The parties shall identify anticipated fields of expert testimony, if any. - The Plaintiff may retain a class-wide expert with respect to analyzing the class-wide calling data for, among other things, identifying class members on the do not call registry, and evaluating the invalidity of any class-wide consent data.

    2.     Limitations which the parties propose on the use or number of expert witnesses.

    3.     The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before _____, 20\_\_\_\_\_.

> The parties jointly propose 2 months after the close of formal discovery for the close of expert discovery, to be followed by an appropriate motion for class certification.
>
> 4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before _____, 20_____. [This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]
>
> [The parties jointly propose 2 months after the close of formal discovery for the close of expert discovery, to be followed by an appropriate motion for class certification.
>
> e. Identification of Persons to Be Deposed:

James E. Shelton, Plaintiff, 1 Day of 8 Hours
Narin Charanvattanakit, Defendant, 1 Day of 8 Hours
As-yet unidentified corporate representatives of American Business Services, 1 Day of 8 Hours

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a. Status conferences will be held in this case at the following dates and times:

_____.

b. A final pretrial conference will be held in this case on _____ at o'clock _____ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement. - None

b. Anticipated length of trial and whether trial is to the court or jury. – Approximately 3 weeks, jury trial.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None. The Parties jointly express a preference for remote appearances whereafter possible as lead counsel for Plaintiff is in Pennsylvania and lead counsel for Defendant is in California.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

*[The following paragraphs shall be included in the scheduling order:]*

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this \_\_\_\_ day of _____, 20\_\_.

                                                          BY THE COURT:

                                                          United States Magistrate Judge

APPROVED:

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com


/s/ Jessica Beth King
Jessica Beth King
Markun Zusman & Compton LLP
16255 Ventura Blvd. Suite 910
Encino, California 91436
Phone: 818-257-1914
Facsimile: 310-454-5970
jking@mzclaw.com